**W.O. LAUGHLIN, Jr., Plaintiff,**

v.

**EDWARDS BUSINESS MACHINES, INC., Defendant.**

**W.O. LAUGHLIN, Jr. and Sandra C. Laughlin, Plaintiffs,**

v.

**EDWARDS BUSINESS MACHINES, INC., Defendant.**

**COMMONWEALTH MANAGEMENT SYSTEMS, INC., formerly Virginia Copiers, Inc., Plaintiff,**

v.

**EDWARDS BUSINESS MACHINES, INC., Defendant.**

Civ. A. Nos. 94–10–L, 94–11–L and 94–21–L.

United States District Court, W.D. Virginia, Lynchburg Division.

May 31, 1994.

**544**

Dennis P. Brumberg, Margaret K. Garber, and Richard H. Wall, Lutins & Shapiro, Roanoke, VA, for plaintiffs.

James Murrell Daniel, Jr., Jane E. Kurtz, Crews & Hancock, Richmond, VA, and Samuel R. Fry, II, Mogel, Speidel, Bobb & Kershner, Reading, PA, for defendant.

## MEMORANDUM OPINION

TURK, District Judge.

Presently before the court is defendant Edwards Business Machines ("Edwards") motion to transfer these cases pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District of Pennsylvania or, alternatively, to stay these proceedings pending resolution of defendant's suit against plaintiffs filed therein.[1] As the court finds that consolidation of the three suits filed in this court with the earlier-filed suit in Pennsylvania is necessary to the interests of justice, defendant's motion to transfer will be granted.

### I.

These suits arise from a failed business deal wherein Edwards agreed to purchase the assets of the W.O. Laughlin, Jr. and Sandra Laughlin's business, Commonwealth Management Systems ("CMS"), formerly known as Virginia Copiers, Inc. ("VCI"). On September 10, 1993, the Laughlins and Edwards signed an Asset Purchase Agreement. On October 1, 1993, the Laughlins entered into a Non–Competition Agreement and an Employment Agreement. The Employment Agreement provided for Edwards to hire Mr. Laughlin for one year. By its terms, the Asset Purchase Agreement formed the basis of and consideration for the Non–Competition Agreement and the Employment Agreement.

Shortly thereafter, the relationship between the parties deteriorated. Prior to the filing of the suits currently before the court, Edwards filed a suit for breach of contract, misrepresentation and fraud related to the

---

1. *Edwards Business Machines, Inc., v. W.O. Laughlin, Jr. and Sandra L. Laughlin, Commonwealth Management Systems, Inc., formerly Virginia Copiers, Inc. and Laughlin Financial Inc.,* *formerly VCI Leasing, Inc.,* No. 93–CV–6879 was filed December 21, 1993, in the United States District Court for the Eastern District of Pennsylvania.

nature and value of the assets transferred under the Asset Purchase Agreement in the United States District Court for the Eastern District of Pennsylvania. Edwards then suspended payments to the Laughlins and dismissed Mr. Laughlin from his employment on December 27, 1993. Defendant filed an answer on January 18, 1994. Rather than asserting counterclaims in the Pennsylvania suit, however, plaintiffs filed three suits in the Circuit Court of Bedford County. These suits were removed to federal court and are now subject to defendant's motions. The first suit, number 94–10, was filed by Mr. Laughlin and alleges that Edwards breached the Employment Agreement. The second suit, number 94–11, was filed jointly by the Laughlins and alleges that Edwards breached the Non–Competition Agreement. The third suit, number 94–21, was filed by CMS and alleges that Edwards breached its promissory note which was to pay for the assets of CMS and the Non–Competition Agreement.

## II.

Title 28 United States Code section 1404(a) allows the court to transfer a lawsuit to any other district where it might have been brought if the transfer would provide greater convenience for the parties and witnesses and serve the interests of justice. All parties agree that these actions could have been brought in the Eastern District of Pennsylvania. The parties disagree as to which forum would be more convenient for the parties and witnesses. The court notes that both parties have witnesses from both states.

Normally, plaintiffs' choice of forum is entitled to a degree of deference, *Doe v. Connors*, 796 F.Supp. 214, 221 (W.D.Va. 1992), especially when, as in this case, they choose to file suit in the district and division in which they reside. *Koster v. Lumbermen's Mut. Cas. Co.*, 330 U.S. 518, 524, 67 S.Ct. 828, 831–32, 91 L.Ed. 1067 (1947). However, the weight given to this factor should be commensurate with the degree it impacts the policy behind section 1404(a), that is, to make trial "easy, expeditious and inexpensive." *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

The three actions currently before the court do not make resolution of this controversy easy, expeditious or inexpensive. In fact, the same parties, claims and issues are involved in all of these lawsuits. The court believes that the claims asserted by plaintiffs in these actions are compulsory counterclaims to the earlier-filed Pennsylvania lawsuit. A claim must be filed as a compulsory counterclaim in a pending lawsuit if, at the time of serving the pleading, the "claim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the Court cannot acquire jurisdiction." Fed.R.Civ.P. 13(a). There are four tests commonly used to assess whether a counterclaim arises out of the transaction or occurrence of a pending claim: (1) Are the issues of fact and law raised by the claim and counterclaim largely the same? (2) Would res judicata bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule? (3) Will substantially the same evidence support or refute plaintiff's claim as well as defendant's counterclaim? (4) Is there any logical relation between the claim and the counterclaim? *Sue & Sam Mfg. Co. v. B–L–S Const. Co.*, 538 F.2d 1048, 1053 (4th Cir.1976). All of these tests are answered affirmatively by the claims asserted in plaintiffs' three suits. Plaintiffs' suits arise out of the same transaction: the purchase of VCI by Edwards.

When a party violates Rule 13(a) by bringing a second action rather than filing a compulsory counterclaim in the first action, "[n]ormally, the first suit should have priority, absent a showing of a balance of convenience in favor of the second action." 3 *Moore's Federal Practice* ¶ 13.14[2] at 13–87 (2d. ed. 1993). Consolidation and transfer in this situation is appropriate and serves the interests of justice. "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 26, 80 S.Ct. 1470, 1474, 4 L.Ed.2d 1540 (1960).

Therefore, Edwards' motion to transfer these actions to the United States District Court for the Eastern District of Pennsylvania is granted.